UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY C. BONTEMPS,<br><br>                    Plaintiff,<br><br>        v.<br><br>HARPER,<br><br>                    Defendant. | No.  2:13-cv-00506 DAD P<br><br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and the Americans with Disabilities Act.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).  Plaintiff has consented to Magistrate Judge jurisdiction over this action pursuant to 28 U.S.C. § 636(c).  (See ECF No. 4.)

**I.  In Forma Pauperis Application**

Plaintiff has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915 and has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect twenty percent of the preceding month's income credited to plaintiff's prison trust account and

/////

1

forward it to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

**II. Plaintiff's Complaint**

Plaintiff names in his complaint only one defendant, correctional Sergeant Harper who is employed at High Desert State Prison.  In its entirety, plaintiff's complaint alleges as follows[1]:

> On June 2, 2012 I was placed in administrative segregation due to staff use of force on 6-25-12.  I was given a chrono stating comprehensive accommodation chrono for my AirCast walker 400-1-P-large walking boot and sock and air pump to pump up the airbags in the AirCast.  Sergeant Harper took my sock and my air pump until I left administrative segregation Oct. 17-2012[.]  While I was in administrative segregation I fell several times because I couldn't [illegible] my AirCast.  Since I've been in H.D.S.P.  I've had two AirCast[.]  Sergeant was not aware that I had another pump when I left administrative segregation.

(ECF No. 1 at 3.)  Plaintiff seeks $400,000 as compensatory and punitive damages.  (Id.)

**III. Screening Requirement**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

/////

---

[1] Plaintiff's complaint is handwritten and portions are illegible.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007) (quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." <u>Bell Atlantic</u>, 550 U.S. at 555. In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint. <u>See</u> <u>Hospital Bldg. Co. v. Rex Hosp. Trustees</u>, 425 U.S. 738, 740 (1976). The court must also construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor. <u>See</u> <u>Jenkins v. McKeithen</u>, 395 U.S. 411, 421 (1969).

The allegations of plaintiff's complaint are so vague and conclusory that the court is unable to determine whether the current action is frivolous or fails to state a claim for relief. The complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice to the defendants and must allege facts that support the elements of the claim plainly and succinctly. <u>Jones v. Community Redev. Agency</u>, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support his claims. <u>Id.</u> Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed. The court will, however, grant plaintiff leave to file an amended complaint and will provide plaintiff with the following legal standards governing the claims that plaintiff appears to be attempting to allege.

**IV. Eighth Amendment Claim**

To the extent that plaintiff is proceeding with an Eighth Amendment claim challenging the conditions of his confinement, he is advised of the following legal requirements governing such a claim.

It is well established that a prison official's deliberate indifference to a substantial risk of serious harm to an inmate violates the cruel and unusual punishment clause of the Eighth

3

Amendment. Farmer v. Brennan, 511 U.S. 825, 828-29 (1994); Helling v. McKinney, 509 U.S. 25, 31-32 (1993); Wilson v. Seiter, 501 U.S. 294, 302 (1991); Estelle v. Gamble, 429 U.S. 97, 104 (1976). "It is not, however, every injury suffered by one prisoner at the hands of another that translates into constitutional liability for prison officials responsible for the victim's safety." Farmer, 511 U.S. at 834. There are both objective and a subjective requirements in attempting to state a cognizable claim under the Eighth Amendment. First, for the objective requirement, "the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm." Id. Second, as to the subjective requirement, the prison official must have a sufficiently culpable state of mind. See id. Here the required state of mind is one of deliberate indifference. See id. A prison official who knows of and disregards an excessive risk to the inmate's health or safety demonstrates deliberate indifference. See id. at 837. Thus, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw that inference." Id. However, an official that knows of a substantial risk to an inmate's health or safety but acts reasonably under the circumstances will not be held liable under the cruel and unusual punishment clause, even if the threatened harm results. See id. at 843.

Therefore, in any amended complaint he elects to file plaintiff must allege facts demonstrating that he faced a substantial risk of serious harm, that the named defendant knew of and disregarded the risk of harm to plaintiff, and that the actions of the named defendant in response to that risk of harm were not reasonable.

**V. Americans with Disabilities Act (ADA) Claim**

Insofar as plaintiff is attempting to present a claim pursuant to the ADA, he is advised that Title II of the ADA provides that:

> no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subject to discrimination by such entity.

To establish a violation of the ADA, a plaintiff must allege and show that: (1) he or she is a qualified individual with a disability; (2) he or she was excluded from participation in or

4

otherwise discriminated against with regard to a public entity's services, programs, or activities; and (3) such exclusion or discrimination was by reason of his or her disability.  See Simmons v. Navajo County, 609 F.3d 1011, 1021 (9th Cir. 2010); Lovell v. Chandler, 303 F.3d 1039, 1052 (9th Cir. 2002).  The proper defendant with respect to an alleged violation of the ADA is the public entity or correctional facility.  See Armstrong v. Wilson, 124 F.3d 1019, 1022-23 (9th Cir. 1997).

Here, plaintiff has not named a proper defendant with respect to an ADA claim nor has he sought a proper remedy with respect to such a claim.  In addition, plaintiff has not alleged that he has been excluded from participation in, or otherwise discriminated against with regard to, a public entity's services, programs, or activities due to a disability.

**VI. Amended Complaint**

In any amended complaint he elects to file, plaintiff must allege facts demonstrating how the conditions complained of resulted in a deprivation of plaintiff's federal constitutional or statutory rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The amended complaint must allege in specific terms how each named defendant was involved in the deprivation of plaintiff's rights.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Vague and conclusory allegations of official participation in civil rights violations are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Plaintiff is informed that the court cannot refer to a prior pleading in order to make his amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of defendant must be sufficiently alleged.

**VII. Conclusion**

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's April 18, 2013 request for leave to proceed in forma pauperis (ECF No. 5) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint"; plaintiff must use the form complaint provided by the Clerk of the Court; failure to file an amended complaint in accordance with this order will result in this action being dismissed without prejudice.

5. The Clerk of the Court is directed to provide plaintiff with the court's form complaint for a § 1983 action.

Dated: March 24, 2014

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
bot506.14

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28