UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GREGORY C. BONTEMPS,

Plaintiff,

v.

HARPER,

Defendant.

No. 2:13-cv-0506-EFB P (TEMP)

ORDER AND FINDINGS AND RECOMMENDATIONS

I. Introduction

Plaintiff, a state prisoner proceeding pro se and in forma pauperis ("IFP"), has filed this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on a First Amended Complaint, which was found to state an Eighth Amendment medical indifference claim against defendant Harper for allegedly confiscating a pump and socks for an air cast while plaintiff was housed in administrative segregation. ECF Nos. 12, 14.

Before the court is defendant's June 2, 2015, motion for an order (i) revoking plaintiff's IFP status and (ii) requiring security pursuant to Local Rule 151. ECF No. 19. Plaintiff opposes the motion on the ground that he is not a "three-striker." This matter is fully briefed and ready for disposition.

/////

/////

II. Legal Standards

The Prison Litigation Reform Act ("PLRA") was intended to eliminate frivolous lawsuits, and its main purpose was to address the overwhelming number of prisoner lawsuits. *Cano v. Taylor*, 739 F.3d 1214, 1219 (9th Cir. 2014). 28 U.S.C. § 1915(g), a part of the PLRA, reads:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). As the Supreme Court has stated, this "three strikes rule" was part of "a variety of reforms designed to filter out the bad claims filed by prisoners and facilitate consideration of the good." *Coleman v. Tollefson*, 135 S. Ct. 1759, 1762 (2015) (*quoting Jones v. Block*, 549 U.S. 199, 204 (2007)).

If a prisoner has "three strikes" under § 1915(g), the prisoner will be barred from proceeding IFP unless he meets the exception for imminent danger of serious physical injury. *See Andrews v. Cervantes*, 493 F.3d 1047, 1052 (9th Cir. 2007).

The Ninth Circuit has held that the complaint of a "three-strikes" prisoner must plausibly allege that the prisoner was faced with imminent danger of serious physical injury at the time his complaint was filed. *See Williams v. Paramo*, 775 F.3d 1182, 1189 (9th Cir. 2014); *Andrews*, 493 F.3d at 1055.

III. Discussion

Plaintiff initiated this action on March 13, 2013. Prior to that date, the following cases filed by plaintiff were dismissed for the reasons set forth here[1]:

1. *Bontemps v. Lee*, 2:12-cv-0771-KJN (E.D. Cal.), dismissed without leave to amend on January 31, 2013, for failure to state a claim (ECF No. 20);

/////

[1] The court takes judicial notice of these cases pursuant to Federal Rule of Evidence 201.

2. *Bontemps v. Kramer* ("*Kramer I*"): 2:06-cv-2483-RRB-GGH (E.D. Cal.), dismissed without prejudice on December 22, 2008, for failure to file an amended pleading after dismissal upon screening (ECF Nos. 9, 12, 14);
3. *Bontemps v. Kramer* ("*Kramer II*"): 2:06-cv-2580-JAM-GGH (E.D. Cal.), dismissed without prejudice on August 30, 2007, for failure to file an amended complaint after dismissal upon screening (ECF Nos. 9, 11, 12); and
4. *Bontemps v. Gray* ("*Gray*"): 2:07-cv-710-MCE-CMK (E.D. Cal.), dismissed without prejudice on July 5, 2007, for failure to file an amended complaint upon screening (ECF Nos. 3, 6, 7).

Of these four cases, only one clearly counts as a strike (*Bontemps v. Lee*, 2:12-cv-0771-KJN). Of the remaining three cases, the dismissals were for failure to file an amended complaint and failure to comply with a court order. In each of these latter three cases, the underlying dismissal of the complaint was for failure to state a claim.

The Ninth Circuit has not addressed in a published opinion whether dismissals of this kind count as a strike under § 1915(g)[2], and district courts faced with this question have reached different results. *Compare Bontemps v. Callison*, 2:13-cv-1360-KJM-AC (declining to find that dismissals for failure to file an amended complaint and failure to prosecute were strikes because the underlying complaints had been dismissed for failure to state a claim with leave to amend); and *Keeton v. Cox*, 2:06-cv-1094-GEB-CKD, 2009 WL 650413, at *6 (E.D. Cal. Mar. 12, 2009), recommendation adopted by 2010 WL 1173073 (E.D. Cal. Mar. 23, 2010) (stating that a dismissal for failure to amend a complaint dismissed with leave to amend is not a strike because the underlying order recognized pleading defects were remediable), *with Hudson v. Bigney*, 2:11-cv-3052 LKK AC, 2013 WL 6150789 (E.D. Cal. Nov. 22, 2013) ("A dismissal for failure to prosecute an action constitutes a strike when it is based upon the plaintiff's failure to file an

/////

[2] In an unpublished decision, *Baskett v. Quinn*, 225 F. App'x 639 (9th Cir. Mar. 21, 2007), the Ninth Circuit upheld a district court order finding that a prior dismissal for failure to file an amended complaint constituted a strike.

amended complaint after the original complaint is dismissed for failure to state a claim."), (adopted in full by 2014 WL 309484 (E.D. Cal. Jan. 28, 2014)).

This court recently considered this same issue concerning these same cases with this same plaintiff in *Bontemps v. Sotak*, 2:09-cv-2115-MCE-EFB, 2015 WL 812360 (E.D. Cal. Feb. 25, 2015).[3] In an effort to conserve scare judicial resources, the court incorporates by reference its analysis in that case. In brief, the undersigned held that the Ninth Circuit's decision in *Knapp v. Hogan*, 738 F.3d 1106, 1108 (9th Cir. 2013), is conclusive on the question of whether a dismissal for failure to amend and failure to prosecute counts as a strike under §1915(g). At issue in *Knapp* was whether the dismissal of an action for failure to comply with Federal Rule of Civil Procedure 8(a)'s "short and plain statement" requirement constituted a strike. The Ninth Circuit held that it did. By expanding the scope of § 1915(g)'s "failure to state a claim" beyond Federal Rule of Civil Procedure 12(b)(6), the court held that "after an incomprehensible complaint is dismissed under Rule 8 and the plaintiff is given, but fails, to take advantage of the leave to amend, 'the judge [is] left with [] a complaint that, being irremediably unintelligible, [gives] rise to an inference that the plaintiff could not state a claim." 738 F.3d at 1110 (internal citations omitted).

In each of the three cases at issue here, the respective courts found on screening that plaintiff failed to state a claim. Though the court agrees with *Bontemps v. Callison* and *Keeton v. Cox* that, by granting leave to amend, the courts found that the defects identified on screening may have been remediable, the plaintiff's subsequent failure to take advantage of the leave to amend gave "rise to an inference that [he] could not state a claim." *See Knapp*, 783 F.3d at 1110. The court therefore reaches the same conclusion as it did in *Bontemps v. Sotak*, that the dismissals in *Kramer I*, *Kramer II*, and *Gray* for failure to file an amended complaint count as strikes. Defendant has thus met his burden of establishing that plaintiff's IFP status should be revoked, and plaintiff has presented no evidence or argument rebutting that conclusion.

/////

[3] Considerable judicial resources have been expended on this issue and related to this plaintiff. *See, e.g.*, *Bontemps v. Callison*, 2:13-cv-1360-KJM-AC, 2014 WL 2002419 (E.D. Cal. May 15, 2014); *Bontemps v. Barnes*, 212-cv-2249-DAD, 2014 WL 4377945 (E.D. Cal. Sept. 3, 2014); *Bontemps v. Sotak*, 2:09-cv-2115-MCE-EFB, 2015 WL 812360 (E.D. Cal. Feb. 25, 2015).

Defendant also seeks an order to plaintiff to post a security bond in order to continue with this action pursuant to Eastern District of California Local Rule 151(b), which provides, in relevant part, that "[t]he provisions of Title 3A, part 2, of the California Code of Civil Procedure, relating to vexatious litigants, are hereby adopted as a procedural Rule of this Court on the basis of which the Court may order the giving of a security, bond, or undertaking . . . ." Upon a motion for such an order, the California Code of Civil Procedure provides that:

> [i]n any litigation pending in any court ... a defendant may move the court ... for an order requiring the plaintiff to furnish security. The motion must be based upon the ground, and supported by a showing, that the plaintiff is a vexatious litigant and that there is not a reasonable probability that he will prevail in the litigation against the moving defendant.

Cal. Civ. Proc. Code § 391.1.

Defendant contends that plaintiff should be declared a vexatious litigant under section 391(b)(1) because in the preceding seven year period, plaintiff has commenced at least five litigations in propria persona that have been finally determined adversely to him. Defendant also submits evidence which, he contends, demonstrates that there is no reasonable probability that plaintiff will prevail in this litigation. At this time, it is recommended that this portion of defendant's motion be denied without prejudice. In the event that the district judge assigned to this case adopts the recommendation to revoke plaintiff's IFP status, and plaintiff is able to pay the filing fee in full, defendant may refile his motion seeking a declaration that plaintiff is a vexatious litigant and an order for posting a security bond.

IV. Conclusion

Based on the foregoing, IT IS HEREBY ORDERED that the Clerk randomly assign a U.S. District Judge to this case; and

IT IS HEREBY RECOMMENDED that:

1. Defendant's June 2, 2015, Order Revoking Plaintiff's IFP status (ECF No. 19) be granted in part;

2. The court's March 25, 2014, order (ECF No. 9) granting IFP status be vacated and plaintiff's IFP status revoked; and

3. Plaintiff be required to furnish the statutory filing fee of $400 to proceed with this action and be admonished that failure to pay the filing fee within thirty days of any order adopting this recommendation will result in dismissal of this action.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: April 5, 2016.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE